The striking out the endorsement by an authorized holder of the note, not being by mistake, but because it stood in the way of a suit he was prosecuting, by the directions and for the benefit of the plaintiff, must forever exonerate the endorser from all liability. For what purpose was it stricken out? Was it that the bill was still to retain the qualities of one endorsed? Surely not. It was to place it in the same situation it would have stood if no endorsement had ever been made, and this the rightful holder was competent to do; for the endorsement was for his benefit; he might fill it up with what he pleased, (515) either his own name or that of his principal, or might strike it out, as he has done. There can be no foundation for saying the attorney had no authority; for if he was the authorized holder of the note to bring suit, and in bringing the suit he did anything within the scope of such acts as belong to the office of an attorney to perform, the act is as binding on the principal as if done by himself; for would it be contended that an endorsement could not be struck out by the attorney of record, but that the court must require the principal to be personally present, giving his assent? The universal course of practice to the contrary is a sufficient answer to such a question. If the plaintiff has lost any benefit by the act, he must bear it, as he was entitled to all the advantage which might have resulted from it.
The case states the endorser to be a mere security. What would a court of equity say to a bill to set up a bond against one where the obligation had been intentionally canceled by the agent of the person beneficially interested? It would say, being discharged at law, not by accident or mistake, there is no equity to revive it. You had the right and power to treat it as you please, and you have exercised it; but having repented on being disappointed in you expectations, there is no reason to take from such security a defense which you have either generously or indiscreetly given him. In this case the defendant is only bound by a legal tie — the endorsement; that being stricken out, he stands as another individual; and the law will never raise an implied promise, where a court of equity would refuse its assistance — both as governed by the same equitable rules.
I concur with Brother RUFFIN, also, as to the other point.
NOTE — Upon the first point, see Pons v. Kelly, 3 N.C. 45. Upon the second, see Sullivan v. Mitchell, ante, 93.
Cited: Denny v. Palmer, 27 N.C. 623; Nichols v. Pools, 47 N.C. 25. *Page 379 
(516)